jar

# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF KANSAS

| | |
|---|---|
| **ANTHONY HERNANDEZ,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | ) Case No. 05-3237-JAR |
| | ) |
| **LOUIS E. BRUCE, et al.** | ) |
| | ) |
| **Respondents.** | ) |

## MEMORANDUM ORDER AND OPINION

Petitioner, a Kansas inmate at the Hutchinson Correctional Facility in custody pursuant to state convictions, seeks federal habeas relief on the grounds that his sentence was unconstitutionally enhanced by use of his prior juvenile adjudications. But the judicial determination that petitioner had prior juvenile adjudications did not offend the Sixth Amendment dictates addressed in *Apprendi v. New Jersey*,[1] *Blakely v. Washington*,[2] or their progeny. Petitioner has failed to demonstrate that there were constitutional errors in the state court proceedings, and has failed to demonstrate that the sentence was either contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented. Therefore, petitioner has failed to establish grounds for federal habeas corpus relief as required under 28 U.S.C. §

---

[1] 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

[2] 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

1

2254(d)(1) and (2).

**Procedural History**

Petitioner pled no contest in the District Court of Ford County, Kansas, to one count of Possession of Marijuana with Intent to Sell Within 1000 Feet of a School, one count of Possession of Methadone, and one count of Possession of Drug Paraphernalia.[3] For sentencing purposes, petitioner's criminal history was calculated using two prior juvenile felony adjudications. This resulted in petitioner facing an enhanced sentencing range.[4] The sentencing judge granted petitioner a downward departure, and sentenced him to 56 months of imprisonment. But this 56 month sentence was longer than the sentence he could have received had he no criminal history.[5]

Petitioner filed a direct appeal from this sentence to the Kansas Supreme Court, which affirmed the sentence.[6] The United States Supreme Court denied certiorari.[7] Petitioner then filed this action for federal habeas corpus relief pursuant to 28 U.S.C. § 2254.

**Standard of Review**

Because Mr. Hernandez "filed his habeas petition after April 24, 1996, the provisions of

---

[3]This is in violation of K.S.A. §§ 65-4163(b), 65-4160 and 65-4152, respectively.

[4]*See* K.S.A. §§ 21-4705, 21-4709.

[5]Although respondent does not address whether petitioner would have had "no criminal history" absent the subject felony juvenile adjudications, the Court presumes that the respondent is conceding that absent the enhancement caused by recognition of these two juvenile adjudications, petitioner would not have been exposed to a sentence as long as 56 months.

[6]*State v. Hernandez*, 99 P.3d 132, 2004 WL 2383651, at *1 (Kan. Oct. 22, 2004) (unpublished table opinion). Petitioner's state appeal was summarily disposed of pursuant to K.S.A. § 21-4721(g) and (h), and thus, no briefs were filed (under K.S.A. § 21-4721(g) and (h) a summary disposition of a sentencing appeal "shall be made solely upon the record that was before the sentencing court," and written briefs are not required unless ordered by the court).

[7]*Hernandez v. Kansas*, ___ U.S. ___, 125 S.Ct. 1827, 161 L.Ed.2d 731 (2005).

the Antiterrorism and Effective Death Penalty Act ("AEDPA") govern this [proceeding]."[8] The AEDPA "'circumscribes a federal habeas court's review of a state-court decision.'"[9] Under 28 U.S.C. § 2254(d), a federal court may not grant habeas relief on any claim adjudicated in state court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding.

A state court's decision is "contrary to" an established federal law if the state court reaches a different result than the Supreme Court would when presented with facts that are "materially indistinguishable from a relevant Supreme Court precedent" or if the state court "applies a rule that contradicts the governing law" set forth in Supreme Court cases.[10] A decision is an "unreasonable application" of clearly established federal law if a "state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case."[11] Unreasonable application of facts includes an unreasonable extension of a principle, or an unreasonable refusal to extend a principle to the facts at hand.[12] The courts are to employ an objective standard in

---

[8]*Martinez v. Zavaras*, 330 F.3d 1259, 1262 (10th Cir. 2003) (citing *Lindh v. Murphy*, 521 U.S. 320, 326-27, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997)).

[9]*Anderson v. Mullin*, 327 F.3d 1148, 1152 (10th Cir. 2003) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 70, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003)).

[10]*Williams v. Taylor*, 529 U.S. 362, 405, 120 S. Ct. 1495, 1523, 146 L. Ed. 2d 389 (2000).

[11]*Id.* at 413, 120 S. Ct. at 1523.

[12]*Id.* at 407, 120 S. Ct. at 1520.

determining what is unreasonable.[13]

Although unreasonable determinations of fact are a second basis for a writ, a state court's determination of a factual issue shall be presumed to be correct. The petitioner has the burden of rebutting this presumption by clear and convincing evidence.[14] "This presumption does not extend to legal determinations or to mixed questions of law and fact."[15] "That is, the 'deferential standard of review does not apply if the state court employed the wrong legal standard in deciding the merits of the federal issue.'"[16] "Ultimately, our review of the state court's proceedings is quite limited, as section 2254(d) sets forth a highly deferential standard for evaluating state-court rulings."[17]

**Discussion**

Having exhausted his available state court remedies, petitioner now argues to this Court that the use of his prior juvenile adjudications to enhance his sentence violated the holdings of *Apprendi*[18] and *Blakely*.[19] Petitioner further argues that even if the prior conviction exception of *Almendarez-Torres v. United States*,[20] applied to the holding of *Apprendi*, the use of juvenile

---

[13] *Id.* at 409, 120 S. Ct. at 1521.

[14] *Martinez v. Zavaras*, 330 F.3d 1259, 1262 (10th Cir. 2003) (explaining that a state court's determination of a factual issue is presumed to be correct and petitioner has burden of rebutting this presumption by clear and convincing evidence); *Fields v. Gibson*, 277 F.3d 1203, 1221 (10th Cir. 2002).

[15] *Martinez*, 330 F.3d at 1262 (citing *Herrera v. Lemaster*, 225 F.3d 1176, 1178-79 (10th Cir. 2000)).

[16] *Id.* (quoting *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003)).

[17] *Anderson v. Mullin*, 327 F.3d 1148, 1152 (10th Cir. 2003) (internal citations omitted).

[18] 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

[19] 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). .

[20] 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998).

adjudications did not fit this exception. The Court addresses these arguments in turn.

> **I.     Judicial determination of prior juvenile adjudications to enhance his sentence did not violate the constitutional holdings of *Apprendi v. New Jersey* and *Blakely v. Washington*.**

Petitioner contends that the use of his prior juvenile adjudications to enhance his sentence violated the holdings of *Apprendi* and *Blakely*, because the existence of his prior crimes was not submitted to a jury and proven beyond a reasonable doubt. This claim is wholly without merit for several reasons. First, at the sentencing hearing, petitioner admitted, through counsel, to the existence of these prior convictions.

Moreover, the rule announced in *Apprendi* and reiterated in *Blakely* plainly allows for judicial determination of prior convictions used to enhance sentences. The United States Supreme Court held in *Apprendi*, and reiterated in *Blakely*, that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[21] The exception in *Apprendi* allowing for judicial determination of prior convictions was firmly grounded in case law and historical practice. In *Jones v. United States*,[22] the Supreme Court had previously held that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt."

Indeed the tradition of punishing recidivists more severely is grounded in case law and

---

[21]*Apprendi*, 530 U.S. at 490, 120 S. Ct. at 2362-63; *Blakely*, 542 U.S. at 301, 120 S. Ct. at 2536.

[22]526 U.S. 227, 243 n.6 (1999).

historical practice as well. As the Supreme Court observed in *Parke v. Raley*,[23] "[s]tatutes that punish recidivists more severely than first offenders have a long tradition in this country that dates back to colonial times."[24] This tradition of more severe punishment for recidivists has been accomplished through sentencing and judicial determinations, not jury fact finding. Long ago, in *Graham v. West Virginia*,[25] the Supreme Court recognized the validity of sentence enhancements based on recidivism and noted that there is no constitutional mandate requiring the state to allege a former conviction in the indictment for consideration by the trial jury.

In *Almendarez-Torres*,[26] the Supreme Court held that recidivism did not qualify as an element of the crime to be proven beyond a reasonable doubt although it was employed as a means to enhance a defendant's maximum penalty. Instead, recidivism existed as a traditional sentencing factor to be determined by a judge.[27] In reaching that conclusion, it was noted that recidivism "'does not relate to the commission of the offense, but goes to the punishment only.'"[28] Notably, neither *Apprendi* nor *Blakely* overruled *Almendarez-Torres*. In fact, following *Apprendi*, courts around the country, including the Tenth Circuit, have continued to recognize the governing principle of *Almendarez-Torres*' prior conviction exception in the face

---

[23] 506 U.S. 20, 26, 113 S. Ct. 517, 521, 121 L. Ed. 2d 391 (1992).

[24] *See also Oyler v. Boles*, 368 U.S. 448, 451, 82 S. Ct. 501, 503, 7 L. Ed. 2d 446 (1962) ("[T]he constitutionality of the practice of inflicting severer criminal penalties upon habitual offenders is no longer open to serious challenge.").

[25] 224 U.S. 616, 623, 32 S. Ct. 583, 585, 56 L. Ed. 917 (1912).

[26] 523 U.S. 224, 243-44, 118 S. Ct. 1219, 1231, 140 L. Ed. 2d 350 (1998).

[27] *Id.*, 118 S. Ct. at 1231.

[28] *Id.* at 244, 118 S. Ct. at 1231 (quoting *Graham v. West Virginia*, 224 U.S. at 629).

of repeated demands to disregard it.[29]

Thus, the use of petitioner's prior convictions to enhance his sentence by the state courts was neither contrary to, nor an unreasonable application of, clearly established United States Supreme Court precedent. Rather, it was entirely consistent with the holdings of *Blakely, Apprendi,* and *Almendarez-Torres*. Accordingly, habeas corpus relief is not warranted on this claim.

### II. Juvenile adjudications fall within the narrow prior conviction exception set forth in *Apprendi v. New Jersey*.

Petitioner argues that even if prior convictions are excepted from *Apprendi*'s general rule, juvenile adjudications are not the same as criminal convictions, and thus not within the scope of the *Apprendi* prior conviction exception. This claim is also without merit. At the outset, it should be noted that there is no clearly established United States Supreme Court precedent supporting petitioner's position; but lower courts have addressed the issue. The Ninth Circuit has agreed with the position petitioner takes in this proceeding, holding in *United States v. Tighe*,[30] that:

> [T]he "prior conviction" exception to *Apprendi*'s general rule must be limited to prior convictions that were themselves obtained through proceedings that included the right to

---

[29] *See, e.g.; United States v. Sanchez-Cruz,* 392 F.3d 1196, 1202 (10th Cir. 2004), *vacated and remanded on other grounds by* __ U.S. __, 125 S. Ct. 1866, 161 L. Ed. 2d 716 (2005) ("We conclude . . . that *Almendarez-Torres* remains good law in light of the prior-conviction exception to the prohibition on sentencing enhancements based on judicial fact-finding stated in *Apprendi v. New Jersey*, [citation omitted], and reaffirmed in *Blakely*."); *United States v. Pittman,* 388 F.3d 1104, 1109 (7th Cir. 2004), *vacated and remanded on other grounds by* __ U.S. __, 125 S. Ct. 1946, 161 L. Ed. 2d 764 (2005) ("We have held in post-*Apprendi* cases that *Almendarez-Torres* controls, and that evidence of a prior conviction that would increase the statutory maximum does not need to be submitted to a jury."); *United States v. Moore,* 286 F.3d 47, 51 (1st Cir. 2002) ("In the post-*Apprendi* era, we have ruled with a regularity bordering on the monotonous that, given the explicit exception and the force of *Almendarez-Torres*, the rationale of *Apprendi* does not apply to sentence-enhancement provisions based upon prior criminal convictions.").

[30] 266 F.3d 1187, 1194 (9th Cir. 2001).

a jury trial and proof beyond a reasonable doubt. Juvenile adjudications that do not afford the right to a jury trial and beyond-a-reasonable-doubt burden of proof, therefore, do not fall within *Apprendi*'s "prior conviction" exception.

But, the *Tighe* decision departs from the emerging majority view taken by a number of other courts.  Indeed, the Kansas Supreme Court, in *State v. Hitt*,[31] acknowledged but rejected the analysis in the *Tighe* decision.  The Kansas Supreme Court held that:

> *Apprendi* created an exception allowing the use of a prior conviction to increase a defendant's sentence, based on the historical role of recidivism in the sentencing decision and on the procedural safeguards attached to a prior conviction. Juvenile adjudications are included within the historical cloak of recidivism and enjoy ample procedural safeguards; therefore, the *Apprendi* exception for prior convictions encompasses juvenile adjudications. Juvenile adjudications need not be charged in an indictment or proven to a jury beyond a reasonable doubt before they can be used in calculating a defendant's criminal history score under the [Kansas Sentencing Guidelines Act].

Other state courts agree.[32]  And three federal circuit courts have subsequently disagreed with *Tighe*.[33]  The Eighth Circuit reasoned that "juvenile adjudications can rightly be characterized as 'prior convictions' for *Apprendi* purposes," because "juvenile adjudications, like adult convictions, are so reliable that due process of law is not offended by such an

---

[31] 273 Kan. 224, 235, 42 P.3d 732, 740 (2002), *cert. denied*, 537 U.S. 1104 (2003).

[32] *E.g., Ryle v. State*, __ N.E.2d __, 2005 WL 3378469, at *1 (Ind. 2005) (agreeing with the Third, Eighth, and Eleventh Circuits that juvenile adjudications are an exception to the *Apprendi* requirement that all facts used to enhance a sentence over the statutory maximum must be found by a jury beyond a reasonable doubt); *People v. Bowden*, 125 Cal. Rptr. 2d 513, 517 (Cal. Ct. App. 2002) ("We agree with the *Tighe* dissent that the *Tighe* majority made a 'quantum leap' from certain language in a Supreme Court opinion and erroneously concluded prior juvenile adjudications are not prior convictions."); *but cf. State v. Brown*, 879 So. 2d 1276, 1289-90 (La. 2004) (holding juvenile adjudications, because of their non-criminal nature and lack of jury trial guarantee, do not fit within *Apprendi's* prior conviction exception).

[33] *United States v. Burge*, 407 F.3d 1183, 1190-91 (11th Cir. 2005); *United States v. Jones*, 332 F.3d 688, 696 (3d Cir. 2003); *United States v. Smalley*, 294 F.3d 1030, 1033 (8th Cir. 2002).

exemption."[34]  The Third Circuit agreed, holding that "[a] prior nonjury juvenile adjudication that was afforded all constitutionally required procedural safeguards can properly be characterized as a prior conviction for *Apprendi* purposes."[35]  And the Eleventh Circuit agreed with and followed the Eighth and Third Circuit decisions.[36]

In the aftermath of these contrary circuit decisions, the Ninth Circuit revisited the issue in a state habeas case, and concluded that the use of prior juvenile adjudications as a sentencing enhancement by a state court is not contrary to, or an unreasonable application of, current United States Supreme Court precedent.[37]  This Court also concludes that the Kansas courts enhancement of petitioner's sentence, based on prior juvenile convictions, was neither contrary to, nor involved an unreasonable application of, clearly establish federal law.

Dated this 26th day of January, 2006, at Topeka, Kansas.

                                S/ Julie A. Robinson
                                Honorable Julie A. Robinson
                                U.S. District Court Judge

---

[34] *Smalley*, 294 F.3d at 1032-33 (rejecting *Tighe*'s pronouncement that the "fundamental triumvirate of procedural protections" must exist in order for *Apprendi*'s prior conviction exception to apply, as an incorrect assumption and unsupported by either *Apprendi* itself or *Jones v. United States*, 526 U.S. 227 (1999)).

[35] *Jones*, 332 F.3d at 696.

[36] *Burge*, 407 F.3d at 1190-91.

[37] *Boyd v. Newland*, 393 F.3d 1008, 1017 (9th Cir. 2004).